1
2
3
4
5
6
7
8

DESAI LAW FIRM, P.C.
Aashish Y. Desai, Esq. (SBN 187394)
Adrianne De Castro, Esq. (SBN 238930)
3200 Bristol St., Suite 650
Costa Mesa, CA 92626
Telephone:  (949) 614-5830
Facsimile:   (949) 271-4190
aashish@desai-law.com
adrianne@desai-law.com

Attorneys for Plaintiffs

9
10
11
12

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

| | |
|---|---|
| WILLIE WILLIAMS, LADON CLINE, AND PAUL CONTRERAS on behalf of themselves and all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> J.B. HUNT TRANSPORT, INC., an Arkansas Corporation, and DOES 1-10, inclusive, <br><br> Defendants. | CASE NO.: 8:20-cv-01701-JLS-JDE <br><br> **FIRST AMENDED CLASS ACTION COMPLAINT FOR:** <br><br> **(1) Failure to Pay All Wages for Non-Driving Time** <br> **(2) Failure to Provide Meal Breaks** <br> **(3) Failure to Provide Rest Breaks** <br> **(4) Failure to Reimburse for Work Expenses** <br> **(5) Failure to Issue Accurate Itemized Wage Statements** <br> **(6) Waiting Time Penalties** <br> **(7) Unfair Business Practices Under the UCL** <br> **(8) Violation of California Private Attorney General Act, ("PAGA")** <br><br> DEMAND FOR JURY TRIAL |

0

**FIRST AMENDED COMPLAINT**

Plaintiff Willie Williams, LaDon Cline, and Paul Contreras on behalf of themselves and all others similarly situated ("Plaintiffs"), hereby file this Complaint against Defendant J.B. Hunt Transport, Inc. ("J.B. Hunt") and DOES 1-10 (hereinafter collectively referred to as "Defendants").  Plaintiffs bring this action against Defendant for its failure to separately pay Plaintiffs and other drivers for performing certain work, including work done before and after shifts and mandatory meetings and trainings, and downtime including time spent waiting in stores; its failure to provide accurate itemized wage statements; and its failure to pay Plaintiffs' wages due upon termination of employment.  As a result, Defendants have violated California statutory law as described below.

## PARTIES TO THE ACTION

1.    Plaintiff Willie Williams has worked as a truck driver for J.B. Hunt from April 3, 2019 to the present delivering products.  Throughout the time he worked for J.B. Hunt, he spent most of his time driving routes in California and drove routes through and in Orange County and the Los Angeles area.

2.    Plaintiff LaDon Cline worked for J.B. Hunt as a truck driver from February 28, 2019 to the present.

3.    Plaintiff Paul Contreras worked for J.B. Hunt from July 2019 to the present.

4.    The primary function of J.B. Hunt truck drivers is to drive a truck/trailer for the purpose of delivering and unloading various products.

5.    Defendant J.B. Hunt Transport, Inc. is a limited liability company organized under the law of the State of Arkansas.  "J.B. Hunt is headquartered in Northwest Arkansas, operates in all 48 contiguous states, and has service centers, maintenance facilities, and dedicated customer accounts in major metropolitan areas across the United States."  *See* https://www.jbhunt.com/jobs/about/locations/ (last visited May 12, 2020).  J.B. Hunt Transport, Inc. is a Fortune 500 company

**FIRST AMENDED COMPLAINT**

that specializes in technology-driven freight shipping for large and small businesses.  According to their LinkedIn, J.B. Hunt is one of the largest transportation logistics companies in North America that provides delivery services for its individual businesses transportation throughout the nation, including California.  J.B. Hunt employs hundreds of truck drivers in California and receives income from doing business in California.

6.     The true names and capacities of Defendants DOES 1 to 10 are unknown to Plaintiffs who will amend this complaint to allege such names and capacities as soon as they are ascertained.  Each Defendant designated herein as DOE is in some manner legally responsible for the unlawful acts and damages alleged herein.

## **GENERAL ALLEGATIONS**

7.     Plaintiff Willie Williams worked for J.B. Hunt as truck driver from April 3, 2019 to June 27, 2020.  Plaintiff LaDon Cline worked for J.B. Hunt as a truck driver from February 28, 2019 to the present.  Plaintiff Paul Contreras worked for J.B. Hunt from July 2019 to the present.  The primary function of J.B. Hunt truck drivers is to drive a truck/trailer for the purpose of delivering and unloading various products.  Delivery and Service drivers drive a truck, usually over an established route, to deliver these products to J.B. Hunt customers.

8.     Each driver is required to perform all pre-trip duties, including reviewing driver manifests, counting and checking customer invoices of products that have been loaded, moving tractors to the loading dock to attach preloaded trailers, completing required trailer temperature checks, and performing pre-trip safety inspections according to DOT regulations.  Next, each driver is required to drive to and deliver customers' orders and maintain adequate productivity rates to meet strict delivery schedules.  Then, drivers visually survey a customer's site during the approach to determine hazards.  The drivers often help unload products

2

from the trailer with a hand truck or by hand and place items in designated customer storage areas and verify delivery of correct items from the invoice. Sometimes, the drivers drive backhauls, which require picking-up product from vendors and returning them to the warehouse for receiving while "staying within DOT Hours of Service." Drivers are required to attend company meetings. Drivers perform all post-trip responsibilities, including unloading damaged goods and customer returns and competing necessary paperwork, performing safety checks on the truck and trailer, completing DOT logs, and completing company vehicle maintenance reports (DVIR).

9.     J.B. Hunt does not pay its drivers for any of this work. Rather, J.B. Hunt pays its drivers by a piece rate formula. The piece rate formula is based on the number of **miles** they drive and the number of **stops** they make. Thus, when the "wheels are not rolling," they are not earning compensation. J.B. Hunt does not separately pay drivers for work performed before and after their driving shifts, including safety inspections on their trucks. It also does not adequately pay for "waiting time" (so-called detention time) during their routes. For example, drivers often arrive to drop off their loads at customer sites, but the customer is not yet ready for them -- they have to simply wait in their tractor/trailers until someone can assist. Other times there are traffic delays. They were not separately paid for this time. Nor were they paid for other "downtime" or work (such as unloading product) during the course of their shifts. J.B. Hunt does not separately pay its drivers for pre- and post-shift activities, including safety inspections on their trucks. Instead, it believes it can "average" out the piece rate for this time. That violates California law. *See Cardenas v. McLane Foodservice, Inc*., 796 F.Supp.2d 1246 (C.D. Cal. 2011).

10.     J.B. Hunt also failed, and continues to fail, to provide rest and meal breaks in conformance with California law. Drivers are encouraged to skip rest breaks and eat meals "on the go" – whenever possible. J.B. Hunt piece rate

compensation scheme also discourages breaks because it pays drivers the same amount irrespective of how long it takes to complete the shift.

11.    For example, a driver would get paid the **exact same amount** for completing his route in seven (7) hours as compared to nine (9) hours under this scheme.   Breaks are therefore not taken – and J.B. Hunt is keenly aware this is happening.  Indeed, it is completely unrealistic for a driver to "pull over" his almost 80,000-pound tractor/trailer for a 10 min. rest break in the middle of delivering products to the individual stores.  Moreover, J.B. Hunt fails to reimburse drivers for certain expenses, encourages inaccurate time-keeping, and does not provide accurate, itemized wage statements.  J.B. Hunt also fails to pay all compensation due at the termination of employment.

### SPECIFIC VIOLATIONS OF THE CALIFORNIA LABOR CODE

12.    ***Unlawful Failure to Pay Wages Due:***

    *a.   **Non-driving work:***  J.B. Hunt has violated California Labor Code §§ 204, 223, 226.2, 510, 558, 1194, and 1197.  Labor Code § 204 establishes the fundamental right of employees in the State of California to be paid wages in a timely fashion for their work.  Labor Code § 1197 makes it unlawful to pay employees less than the wage set by the IWC.  Labor Code § 1198 makes it unlawful to employ persons under conditions prohibited by the applicable IWC Wage Orders. Labor Code § 226.2 mandates separate compensation for non-activity based work when utilizing a piece rate compensation system – such as the one J.B. Hunt uses.  Under Section 4 of IWC Wage Orders 9-2001, 9-2000, and 9-1998, which apply to transportation establishments such as J.B. Hunt, Plaintiffs must be paid at least a minimum wage (or contract rate) for each hour worked.  J.B. Hunt has uniformly required drivers to perform certain work without any compensation whatsoever.

**FIRST AMENDED COMPLAINT**

13.    For example, drivers are not paid for pre- and post-shift safety inspections and work they are required to perform, waiting for customers, assisting with loading and unloading their trucks, fueling their trucks, and mandatory trainings and safety meeting that they are required to attend monthly, and annually.

14.    The pre- and post-shift work takes approximately 45 minutes before and after their shifts, but Plaintiffs are not separately paid for this work.  Indeed, J.B. Hunt's drivers are expected to arrive at least 45 minutes before their scheduled departure time.  During this time, drivers are required to perform their pre-shift duties including safety inspections of their trucks.  J.B. Hunt does not pay its drivers for any of this time, nor does it pay for any post-shift duties drivers are required to perform when they return from completing their stops.

15.    Finally, J.B. Hunt did not pay its drivers for mandatory trainings they were required to complete every month, and annually.  J.B. Hunt would announce the monthly required trainings, often with a text message stating "New Month! New Trainings!".  These mandatory monthly trainings sessions (consisting of trainings regarding miscellaneous topics like safety, mask-wearing, new regulations) average 15-30 minutes.  The annual trainings could take up to 45 minutes.  Drivers were not separately paid to complete either the monthly or annual trainings even though completion is mandatory, and drivers would not be assigned shifts if they did not complete the trainings.  Rather than pay its drivers for this work time, J.B. Hunt promised drivers a chance to win an iPad, or some other nominal prize if they completed the trainings.

16.    **b. _Inaccurate Miles:_**  J.B. Hunt also does not pay drivers for all the miles they drive.  While J.B. Hunt compensation formula is based on miles driven (and stops), J.B. Hunt did not accurately compute those miles.  Nor did J.B. Hunt adequately pay for refueling time, or the time it takes drivers to get their trucks washed (which can sometimes take up to 1.5 hours depending on the cue).  J.B.

Hunt pretends it "does not know" its drivers are working off the clock, but it knows.

17. The failure to compensate for all hours of work performed violates, *inter alia*, Labor Code §§ 226.2, 223, 510, 558, 1194, 1194.2, 1197, 1198 and Wage Order 9-2001, ¶4.

18. ***Unlawful Failure to Provide Uninterrupted Off-Duty Meal and Rest Period:*** Drivers were regularly compelled to work in excess of five and ten hours a day without being afforded at least half-hour meal periods in which they were completely relieved of all duties as required by Labor Code §§ 226.7, 512, and 558. The drivers were also regularly permitted and compelled to work over a four-hour period (or a major fraction thereof) without J.B. Hunt authorizing and permitting them to take <u>paid</u> ten-minute rest periods in which they were completely relieved of all their duties as required by Labor Code § 226.7.

19. The piece rate compensation scheme, along with delivery schedules and internal timing requirements caused drivers to routinely miss both meal and rest breaks. J.B. Hunt would encourage its drivers to "paper over" meal breaks by simply listing that they took them on log books -- knowing that it was virtually impossible to take timely, routine breaks. The schedule simply didn't allow for that. The difficulty of finding a place to park the massive tractor/trailers also discouraged timely and regular breaks.

20. Moreover, J.B. Hunt is required to separately and accurately pay for rest breaks at regular (not hourly) rates that consider all compensation due. *See Bluford v. Safeway Stores Inc*., 216 Cal.App.4th 864 (2013) (holding that trucking company was required to separately compensate employees for rest breaks where the employer uses an activity-based compensation system).

21.    J.B. Hunt is also liable to all drivers for one hour of additional pay at the regular rate of compensation for each workday that the full and uninterrupted, off-duty rest and meal period were not provided.[1]

22.    ***Unlawful Failure to Indemnify Employees for Necessary Expenditures***:  Labor Code § 2802 requires employers indemnify its employees for necessary expenditures incurred by the employee in direct consequence of the discharge of his or her duties, or of his or her obedience to the directions of the employer.  J.B. Hunt required its drivers to purchase cell phones to communicate with and be available for J.B. Hunt.  Defendant failed and continues to fail to indemnify the Plaintiff and other drivers for the cost of these cell phones which were required for work.

23.    ***Failure to Furnish Accurate Wage Statements:***  Labor Code § 226(a) requires employers to furnish each employee with a statement that accurately reflects gross wages earned, the total number of hours worked, and the net wages earned.  Labor Code § 226(b) provides that if an employer fails to provide a statement itemizing, *inter alia*, the total hours worked by the employee, then the employee is entitled to recover the greater of all actual damages or $50.00 for the initial violation and $100.00 for each subsequent violation, up to $4,000.00.

24.    In addition to 226 (a), 226.2 (a)(2) adds **two more requirements**:

- The total hours of compensable rest and recovery periods, the rate of compensation, and the gross wages paid for those periods during the pay period; and

- The total hours of other nonproductive time, the rate of compensation, and the gross wages paid for that time during the pay period.

*See* Labor Code § 226.2(a)(2).

---

[1]  J.B. Hunt, more specifically, is liable for two hours of additional pay per day for each driver since the drivers are entitled to compensation for the (1) missed meal period, and (2) missed rest period.

25.     J.B. Hunt intentionally failed to furnish and continue to intentionally fail to furnish each driver with timely, itemized statements that accurately reflect the gross wages earned, the total number of hours worked, and the net wages earned as required. In particular, J.B. Hunt fails to include its drivers' accurate piece rate, regular rate, non-productive time, or *actual hours worked* directly on the paystubs. *See* **Exh. 1**.

26.     ***Failure to Furnish Required Payroll Records:***  J.B. Hunt has violated Wage Order 9-2001, California Labor Code §§ 226 and 1174 by willfully failing to keep required payroll records showing the actual hours worked on a daily basis by the drivers.  J.B. Hunt is liable for civil penalties pursuant to California Labor Code §§ 1174.5 and 2698 in the amount of $500.00 per violation.

27.     ***Waiting Time Penalties:*** Labor Code § 201 requires an employer who discharges an employee to pay compensation due and owing to the employee immediately upon discharge.  Labor Code § 202 requires an employer to promptly pay compensation due and owing within 72 hours of that employee's termination of employment by resignation or otherwise.  California Labor Code § 203 provides that if an employer willfully fails to pay compensation promptly upon discharge or resignation, then the employer is liable for waiting time penalties in the form of continued compensation up to 30 workdays.

28.     J.B. Hunt failed and refused, and continues to willfully fail and refuse, to timely pay compensation and wages, including unpaid wages and meal and rest break premium pay to the Plaintiff and other drivers whose employment terminated as required.  As a result, J.B. Hunt is liable for waiting time penalties, together with interest and attorneys' fees and costs under California Labor Code § 203.

## JURISDICTION AND VENUE

29.     Plaintiffs were an employee of J.B. Hunt within the State of California and were subject to the unlawful policies at some point during the past four years.

**FIRST AMENDED COMPLAINT**

30.    Plaintiffs had routes throughout Orange County and the Los Angeles area.

31.    This Court has jurisdiction over Plaintiffs' California Labor Code claims.  This Court has jurisdiction over Plaintiffs' claims for restitution of unpaid wages and other ill-gotten benefits arising from J.B. Hunt's unlawful and/or unfair business practices under California's Business & Professions Code §§ 17200 *et seq*.

### THE ARBITRATION AGREEMENT IS NOT ENFORCEABLE

32.    Plaintiffs do not know if a valid arbitration agreement exists.  If one does exist, it is not enforceable.

33.    J.B. Hunt supports its clients throughout the nation.  Thus, a significant portion of J.B. Hunt business involves the transportation of its products across state lines.  In the event that J.B. Hunt argues that an individual arbitration agreement applies, it would be incorrect.  *See Garrido v. Air Liquide Industrial U.S.*, 194 Cal.Rptr.3d 297 (Cal. Ct. App. 2015) (declining to enforce arbitration clause finding the FAA did not apply to interstate truck drivers because transportation workers' employment agreements are exempt from the FAA, even when the agreements say otherwise).

### CLASS ACTION ALLEGATIONS

34.    This action is maintainable as a class action pursuant to Fed. R. Civ. P. Rule 23 as to claims for unpaid wages, the failure to provide meal breaks, the failure to provide rest breaks, the failure to indemnify certain necessary work expenditures, the failure to issue accurate itemized paystubs, and the failure to timely pay former employees.  The Business & Professions Code § 17200 claim is based upon three theories: (i) unfair conduct as a result of the anti-competitive actions of Defendant, (ii) fraudulent behavior of Defendant as defined by the UCL, and (iii) the unlawful failure to comply with the California Labor Code.  Plaintiffs

**FIRST AMENDED COMPLAINT**

are representative of those other employees and is acting on behalf of their interests. These similarly situated employees are known to Defendant and are readily identifiable and locatable through Defendant's own employment records.

35.    Plaintiffs identify the following class:

**All California drivers who performed work for J.B. Hunt under its piece-rate compensation scheme from four (4) years prior to the filing of this Complaint to the date of final disposition.**

36.    Plaintiffs reserve the right to amend or modify the class description with greater specificity or further division into subclasses or limitation to particular issues.

## NUMEROSITY OF CLASS

37.    The employees identified in the above class identified above are so numerous that joinder of all members is impracticable.   Although the precise number of such employees is unknown, the Plaintiff believes that over 100 employees would fall within the putative Class.   The exact number is easily ascertained from Defendant's own employment records, which are presently within the control of Defendant.   Furthermore, upon application by Plaintiff's counsel for certification of the Class, the Court may be requested to also incorporate or amend the sub-Classes in the interest of justice and judicial economy.

## EXISTENCE AND PREDOMINANCE OF COMMON QUESTIONS OF FACT AND LAW

38.    Common questions of law and fact exist as to the class members that predominate over any questions only affecting them individually and include, but are not limited to, the following:

i.    Whether Defendant violated California Labor Code § 204, 223, 226,2, 510, 558, 1194, and 1197 by failing to separately pay its drivers non-driving work;

**FIRST AMENDED COMPLAINT**

ii.     Whether Defendant violated Labor Code §§ 226.7, 512, 558 by failing to afford (or discouraging) driver from taking their proper meal and rest periods;

iii.    Whether Defendant violated Labor Code § 2802 for failing to indemnify its employees for all necessary expenditures;

iv.     Whether Defendant violated Labor Code §§ 226 and 1174 by failing to keep accurate records of employees' hours of work, the beginning and end of each work period, meal periods, gross wages earned, and net wages earned.;

v.      Whether Defendant violated Labor Code § 226(a) and (b) by failing to issue its drivers accurate, itemized statement showing all hours worked and a break-down of the piece-rate compensation;

vi.     Whether Defendant violated Labor Code § 201-203 by failing to pay all wages due and owing at the time that Plaintiff's and other Class Members' employment with J.B. Hunt was terminated;

vii.    Whether J.B. Hunt violated Business and Professions Code Section 17200 by engaging in the above-stated violations of the California Labor Code;

viii.   What were the policies, practices, programs, procedures, protocols, and plans of J.B. Hunt regarding payment of all wages for all hours worked by its drivers; and

ix.     The nature and extent of class-wide injuries and the measure of damages, restitution and disgorgement for the injuries.

## TYPICALITY

39.     The claims of Plaintiffs are typical of the claims of the Class they seek to represent.  Plaintiffs and all class members work or have worked for Defendant

11

as drivers in California.  Plaintiffs and all class members have the same right to be compensated for non-driving work.  Plaintiffs and all class members have the same right to be afforded their meal and rest breaks.  Plaintiffs and all class members have the same right to be indemnified for necessary expenditures.  Plaintiffs and all class members have the same right to be issued accurate, itemized wage statements.  In addition, Plaintiffs and all class members have the same right to be paid all wages due at the end of their employment.  Plaintiff sand all class members have suffered damages and injury resulting from Defendant's wrongful conduct.   In addition, Plaintiffs and the class members are entitled to equitable relief, as permitted by law, because Defendant's violations of state statutes have harmed the class members and constitute an unfair business practice, especially when compared to those competitors who comply with wage and hour laws.

## ADEQUACY

40.   Plaintiffs will fairly and adequately represent and protect the interests of the class members.  Plaintiffs have retained counsel competent and experienced in complex class actions, and labor and employment litigation.

## SUPERIORITY

41.   A class action is superior to other available methods for the fair and efficient adjudication of this litigation.  The class members have been damaged and are entitled to recovery as a result of Defendant's common and uniform policies, practices and procedures.  Although the relative damages suffered by individual class members are not *de minimis*, such damages are small compared to the expense and burden of individual prosecution of this litigation.  Individual plaintiffs may lack the financial resources to vigorously prosecute a lawsuit against corporate Defendants to recover such damages.  Even if the individual class members could afford to prosecute their claims separately, the court system could not.  In addition,

**FIRST AMENDED COMPLAINT**

class litigation is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about Defendant's practices.

### ***FIRST CAUSE OF ACTION***
### <u>FAILURE TO PAY ALL WAGES FOR NON-DRIVING TIME</u>

(California Labor Code §§ 1194, 1197, 226.2)

42.     Plaintiffs and the Class incorporates by reference in this cause of action each allegation of the preceding paragraphs as though fully set forth herein.

43.     Defendant paid its drivers based on the number of miles they drive and the stop they make.  There was no other form of compensation.  As a result of Defendant's piece-rate compensation system, Plaintiffs and its other drivers were not separately paid for any non-driving work including mandated pre- and post-trip inspections, waiting time during their routes, training and safety meetings, and downtime or work such as unloading producing during the court of their shift.

44.     In addition, J.B. Hunt also does not pay Plaintiffs and other truck drivers for all the miles they drive.  While J.B. Hunt's compensation formula is based on miles driven and stops, J.B. Hunt did not accurately compute those miles. Nor did J.B. Hunt adequately pay for refueling time, or the time it takes drivers to get their trucks washed, which can sometimes take up to 1.5 hours.

45.     California Labor Code § 1194 states that notwithstanding any agreement to work for a lesser wage, any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorney's fees, and costs of suit.

46.     Moreover, California Labor Code § 226.2(a) states that employees compensated on a piece-rate basis must be compensated for rest and recovery periods and other nonproductive time separate from any piece-rate compensation.

47.     Plaintiffs and the Class thus seek and are entitled to all uncompensated wages for non-driving work, plus interest, and attorneys' fees and costs, as well as all other legal and equitable relief such as a court may find just and proper.

## ***SECOND CAUSE OF ACTION***
## FAILURE TO PROVIDE MEAL BREAKS

(California Labor Code §§ 226.7, 512)

48.     Plaintiffs and the Class incorporate by reference in this cause of action each allegation of the preceding paragraphs as though fully set forth herein.

49.     The Plaintiffs and Class Members regularly worked in excess of five-hour shifts without being afforded at least a half-hour uninterrupted meal break in which they were relieved of all duty, as required by Cal. Labor Code §§ 226.7 and 512(a).  J.B. Hunt's piece-rate compensation scheme, along with delivery schedules and timing requirements caused drivers to routinely miss meal breaks.

50.     As a result of Defendant's failure to afford proper meal periods, it is liable to the Plaintiff and Class Members for one hour of additional pay at the regular rate of compensation for each workday that the proper meal periods were not provided, pursuant to Cal. Labor Code § 226.7 and Wage Order No. 9-2001, § 11(b).  Upon information and belief, Defendants never paid such premiums to Plaintiffs and the Class Members.

51.     Throughout the liability period for the proposed classes, J.B. Hunt's piece-rate compensation scheme, along with delivery schedules and internal timing requirements caused drivers to routinely miss both meal and rest breaks.  J.B. Hunt would encourage its drivers to "paper over" meal breaks by simply listing that they took them on log books -- knowing that it was virtually impossible to take timely, routine breaks.  The schedule simply didn't allow for that.  The difficulty of finding a place to park the massive tractor/trailers also discouraged timely and regular breaks.

52.   As a result of Defendant's failure to provide meal breaks to Plaintiffs and its drivers, Defendant is liable to Plaintiffs for one hour of additional pay at the regular rate of compensation for each workday that Defendant did not advise its drivers of their right to take meal breaks, pursuant to California Labor Code § 226.7.

53.   In addition, because Plaintiffs were required to always monitor the load, they were never "off-duty" for purposes of rest or meal breaks.

54.   Plaintiffs also seeks attorneys' fees and costs for vindicating a public interest in pursuing these rest period claims, under California Code of Civil Procedure§ 1021.5.

### ***THIRD CAUSE OF ACTION***
### FAILURE TO PROVIDE REST BREAKS

(California Labor Code §§ 226.7)

55.   Plaintiffs and the Class incorporate by reference in this cause of action each allegation of the preceding paragraphs as though fully set forth herein.

56.   Plaintiffs and the Class Members regularly worked more than three and one-half hours in a day without being authorized and permitted to take a 10-minute duty-free rest period, and regularly worked more than six hours in a day without being authorized and permitted to take two, 10-minute duty-free rest periods per four hours or major fraction thereof, as required under Cal. Labor Code § 226.7.   J.B. Hunt's piece-rate compensation scheme, along with delivery scheduled and timing requires caused drivers to routine miss meal breaks.

57.   In addition, because Plaintiffs were required to always monitor the load, they were never "off-duty" for purposes of rest or meal breaks.

58.   As a result of Defendant's failure to afford proper rest periods, it is liable to the Plaintiffs and Class Members for one hour of additional pay at the regular rate of compensation for each workday that the proper rest periods were not

provided, pursuant to Cal. Labor Code § 226.7 and Wage Order No. 9-2001, § 12(b).   Upon information and belief, Defendants never paid such premiums to Plaintiffs and the Class Members.   Plaintiffs and the Class Members are entitled to interest, applicable penalties, and attorneys' fees and costs.

59.    Plaintiffs also seek attorneys' fees and costs for vindicating a public interest in pursuing these rest period claims, under California Code of Civil Procedure§ 1021.5.

### *FOURTH CAUSE OF ACTION*
### FAILURE TO INDEMNIFY FOR ALL NECESSARY EXPENDITURES

(California Labor Code § 2802)

60.    Plaintiffs and the Class incorporate by reference in this cause of action each allegation of the preceding paragraphs as though fully set forth herein.

61.    Throughout the liability period, J.B. Hunt required Plaintiffs and its drivers to purchase cell phones to communicate with and be available for J.B. Hunt. J.B. Hunt failed to indemnify the Plaintiffs and other drivers for the cost of these cell phones.

62.    Labor Code § 2802 requires an employer to indemnify his or her employee for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of their duties.

63.    By failing to indemnify its drivers for the purchase of these cell phones, Defendant has violated Cal. Labor Code § 2802.   As a direct and proximate result of Defendant's conduct, Plaintiffs and other similarly-situated drivers have suffered substantial losses according to proof, as well as pre-judgment interest, costs, and attorney fees for the prosecution of this action.

64.    Plaintiffs, on behalf of themselves and similarly situated drivers, request relief as described below.

### *FIFTH CAUSE OF ACTION*
### FAILURE TO ISSUE ACCURATE ITEMIZED WAGE STATEMENTS

(California Labor Code §§ 226(a), 226(b), 226(e))

65.    Plaintiffs and the Class incorporate by reference in this cause of action each allegation of the preceding paragraphs as though fully set forth herein.

66.    California Labor Code § 226(a) requires that employers semi-monthly or at the time of each payment of wages to furnish each employee with a statement that accurately reflects the total number of hours worked.  California Labor Code § 226(a)(2)(A) further requires that the itemized statement shall, in addition to the other items specified in that subdivision, separately state the following the total hours of compensable rest and recovery periods, the rate of compensation, and the gross wages paid for those periods during the pay period.

67.    Labor Code § 226(e) provides that if an employer knowingly and intentionally fails to provide a statement itemizing, *inter alia*, the total hours worked by the employee, then the employee is entitled to recover the greater of all actual damages or $50 for the initial violation and $100 for each subsequent violation, up to $4000.

68.    J.B. Hunt's wage statements are woefully inadequate in this regard. J.B. Hunt knowingly and intentionally failed to furnish, and continues to knowingly and intentionally fail to furnish, Plaintiffs and the Class with timely, itemized statements that accurately reflect the total number of hours worked, nor do they include the rate of pay, or a break-down of the flat daily rate paid to its drivers or any information regarding compensable rest or recovery periods as required by Labor Code § 226(a).

69.    Plaintiffs thus seek the amounts provided in Labor Code § 226(e) for the three-year period prior to the filing of this Complaint, up to and including the present, plus interest, and attorneys' fees and costs, as well as all other legal and equitable relief such as a court may find just and proper.

70.     Indeed, J.B. Hunt's paystub policy was not an "isolated and unintentional payroll error due to a clerical or inadvertent mistake."

### *SIXTH CAUSE OF ACTION*
### LATE PAY AND WAITING TIME PENALTIES

(Cal. Labor Code §§ 200-203)

71.     Plaintiffs and the Class incorporate by reference in this cause of action each allegation of the preceding paragraphs as though fully set forth herein.

72.     California Labor Code §§ 201 and 202 require an employer to pay its employees all wages due within the time specified by law.  Labor Code § 203 provides that if an employer willfully fails to pay such wages, the employer must continue to pay the subject employees' wages until the back wages are paid in full or an action is commenced, up to a maximum of thirty days of wages.

73.     Plaintiffs and Class Members who ceased employment with Defendant are entitled to unpaid compensation, but to date have not received such compensation for unpaid non-driving work, and rest periods.

74.     More than thirty days have passed since Plaintiffs left Defendant's employment. Defendant willfully failed to pay any overtime, or any meal or rest period premiums.

75.     As a consequence of Defendant's willful failure to timely compensate Plaintiffs and the proposed Class for all hours worked, the Plaintiffs and Class Members whose employment ended during the applicable Class Period are entitled to thirty days' wages under Labor Code § 203, together with interest thereon and attorneys' fees and costs, including and attorneys' fees and costs for vindicating a public interest in pursuing these late pay claims, under California Code of Civil Procedure § 1021.5.

//

### *SEVENTH CAUSE OF ACTION*
### UNLAWFUL AND/OR UNFAIR BUSINESS PRACTICES

(California Business and Professions Code Section 17200, et seq.)

76.     Plaintiffs and the Class incorporate by reference in this cause of action each allegation of the preceding paragraphs as though fully set forth herein.

77.     Labor Code § 90.5(a) articulates the public policy of this State to vigorously enforce minimum labor standards, including the requirements to separately compensate for all non-piece rate work pursuant to Labor Code § 226.2; to reimburse employees for all necessary expenditures under Labor Code § 2802; to provide adequate meal and periods pursuant to Labor Code §§ 226.7 and 512; to provide accurate itemized wage statements and keep payroll records pursuant to Labor Code §§ 226, 226.2; and to pay all wages due upon termination of employment under California Labor Code §§ 201 and 202. J.B. Hunt's conduct of failing to separately pay for all hours worked, failure to provide meal and rest breaks, failure to reimburse its employees for necessary expenditures, allowing its employees to work without providing accurate itemized wages statements, and failing maintain accurate records directly violate state law, constitute and was intended to constitute unfair competition and unlawful and unfair acts and practices within the meaning of the UCL.

78.     Defendant's numerous violations of California law, as well as the other statutory and regulatory violations alleged herein, constitute unlawful business actions and practices in violation of Business and Professions Code§ 17200, et seq.

79.     Pursuant to Business and Professions Code § 17200, et seq., Plaintiffs and the proposed Classes are entitled to restitution of the unpaid wages, unreimbursed expenditures, among other relief alleged herein, that were withheld and retained by Defendant during a period that commences four years prior to the filing of this action.

**FIRST AMENDED COMPLAINT**

80.    Plaintiffs further seek injunctive relief under the UCL to enjoin Defendant's unfair, lawful, and deceptive practice of failing to compensate its employees according to law.  Plaintiffs may pursue these injunctive claims without complying with class certification requirements.  *McGill v. Citibank, N.A.*, __ Cal.5th __ (Slip op at 13-14) (April 6, 2017).

81.    Plaintiffs also request an award of attorneys' fees and costs pursuant to Code of Civil Procedure § 1021.5 and other applicable law, and costs.

### *EIGHTH CAUSE OF ACTION*
### VIOLATION OF THE PRIVATE ATTORNEY GENERAL ACT
(Cal. Labor Code §§ 2699, *et seq*.)

82.    Plaintiff and the other aggrieved employees repeat and reallege each and every allegation set forth in all of the foregoing paragraphs as if fully set forth herein.

83.    The Private Attorney General Act ("PAGA"), Cal. Labor Code § 2699, *et seq.*, allows an aggrieved employee to bring suit against an employer for violations of most Labor Code provisions.  These Labor Code violations include the requirements to separately pay for all work performed pursuant to  Labor Code §§ 1194, 226.2; to pay all wages due pursuant to Labor Code §§ 204, 1197, and 1198; to provide and make available meal and rest breaks pursuant to Labor Code §§ 226.7, 512; to reimburse employees for all necessary expenditures pursuant to Labor Code § 2802; to provide accurate itemized wage statements and keep payroll records pursuant to Labor Code §§ 226(a) and (b), 226.3, 1174, 1174.5; and waiting time penalties for failure to pay all waged due under Labor Code § 201.

84.    J.B. Hunt's acts constitute continuing and ongoing unlawful activity prohibited by the California Labor Code and therefore, these acts constitute violations of the PAGA.

85.    Plaintiffs have provided notice of these violations pursuant to Cal. Labor Code § 2699.3 and have specifically asked the California Labor &

**FIRST AMENDED COMPLAINT**

Workforce Development Agency if it intends to investigate the alleged violations. A true and correct copy of this letter is attached as **Exhibit 2** to this Complaint.

86.    J.B. Hunt's conduct of requiring Plaintiffs to work without providing accurate itemized wages statements and payroll records, failing to pay for all hours worked, work without being provided reimbursement without necessary expenditures, and work without providing adequate meal and rest periods directly violates state law, constitutes violations of the PAGA.

87.    Therefore, under the provisions of PAGA and Labor Code §§ 201-203, 204, 226, 226.2, 226.7, 512, 1174, 1174.5, 1194, 1197, 1198, 2802, and 2699, J.B. Hunt is liable for the following penalties and damages:

88.    For J.B. Hunt's failure to pay wages due, Plaintiff and the other aggrieved employees are entitled to recover such amounts, plus interest thereon, attorney's fees and costs.  J.B. Hunt's is also liable for civil penalties pursuant to Labor Code §§ 558 and 2699 as follows: For any initial violation, $50.00 for each Plaintiff for each pay period during which the Plaintiff was not provided wages for all the work performed; and for each subsequent violation, $100.00 for each Plaintiff for each pay period during which the Plaintiff was not provided wages for all the work performed.

89.    For its failure to provide uninterrupted off-duty meal and rest periods, J.B. Hunt is liable to all Plaintiffs for one hour of additional pay at the regular rate of compensation for each workday that the full and uninterrupted, off-duty rest and meal period were not provided.  J.B. Hunt is also liable for civil penalties pursuant to Labor Code §§ 558 and 2699 as follows: for any initial violation, $50.00 for each Plaintiff for each pay period during which the Plaintiff was not provided proper meal and rest breaks; and for each subsequent violation, $100.00 for each Plaintiff for each pay period during which the Plaintiff was not provided proper meal and rest breaks.

90.    For J.B. Hunt's failure to indemnify Plaintiff and the other aggrieved employees for certain expenditures required for work, the Plaintiff and the other aggrieved employees are entitled to recover such amounts, plus interest thereon, attorney's fees and costs.  J.B. Hunt's is also liable for civil penalties pursuant to Labor Code §§ 558 and 2699 as follows: For any initial violation, $50.00 for each Plaintiff for each pay period during which the Plaintiff was not paid for all necessary expenditures; and for each subsequent violation, $100.00 for each Plaintiff for each pay period during which the Plaintiff was not paid for all necessary expenditures.

91.    For J.B. Hunt's failure to furnish accurate wage statements, Plaintiff and the other aggrieved employees are entitled to recover the greater of all actual damages or $50.00 for the initial violation and $100.00 for each subsequent violation, up to $4,000.00.  J.B. Hunt is additionally liable for civil penalties pursuant to Labor Code §§ 226.3 and 2699 in the amount of $250.00 for each Plaintiff per initial violation and $1,000.00 for each Plaintiff per subsequent violation.

92.    For J.B. Hunt's failure to keep accurate payroll records, J.B. Hunt is liable for civil penalties pursuant to California Labor Code §§ 1174.5 and 2699 in the amount of $500.00 per violation.

93.    For J.B. Hunt's failure pay its former driver employees all wages due, J.B. Hunt is liable for waiting time penalties, together with interest and attorneys' fees and costs under California Labor Code § 203.

94.    The proper measure of damages and penalties under the PAGA is all aggrieved employees, whether a party of this action or not.  This claim needs no certification. *Arias v. Superior Court*, 46 Cal.4th 969, 970-75 (2009).

95.    Accordingly, Plaintiffs and all aggrieved employees respectfully request that the Court award judgment and relief in their favor as described herein.

**FIRST AMENDED COMPLAINT**

1

<u>**REQUEST FOR RELIEF**</u>

2

3

4

1.     WHEREFORE, Plaintiffs, on behalf of themselves and the proposed class, request judgment and the following specific relief against Defendant as follows:

5

6

2.     That the Court determine that this action may be maintained as a class action under Fed. R. Civ. P. Rule 23;

7

8

9

3.     That Defendant is found to have violated the above-referenced provisions of the California Labor Code and IWC Wage Order 9 as to Plaintiffs and the Class;

10

11

4.     That the Court find that J.B. Hunt has violated the record-keeping provisions of Labor Code §§ 226 and 1174(d) as to Plaintiffs and the Class;

12

13

14

15

5.     That the Court find that J.B. Hunt has violated California Labor Code §§ 226.7 and 512, and Wage Order No. 9-2001 by failing to afford Plaintiffs and the Class full and uninterrupted off-duty meal and rest periods or compensation in lieu thereof;

16

17

18

6.     That the Court find J.B. Hunt violated California Labor Code §§ 204, 226.6, 510, 558, 1184, 1197, 1198, and Wage Order No. 9-2001 by failing to compensate Plaintiffs and the Class for all the work they performed for Defendant;

19

20

21

7.     That the Court find that J.B. Hunt has violated California Labor Code § 226 by failing to timely furnish Plaintiffs and the Class itemized statements accurately showing the total hours worked by each of them;

22

23

24

8.     That the Court find that J.B. Hunt has violated Labor Code §§ 201, 202, and 203 for willful failure to pay all compensation owed at the time of termination of employment to Plaintiffs and the class;

25

26

9.     That the Court find that J.B. Hunt has violated Labor Code § 2802 for its failure to reimburse Plaintiffs and the Class for all necessary expenditures;

27

28

23

10. That the Court find that J.B. Hunt has violated Business & Professions Code § 17200 by failing to pay all wages due, failing to reimburse for all necessary expenditures, failing to keep proper time records, by failing to afford Plaintiffs and the Class full and uninterrupted off-duty meal and rest periods, and by failing to timely furnish Plaintiffs and the Class with statements accurately showing total hours worked;

11. That the Court find that Defendant has violated the Private Attorney General Act, Cal. Labor Code § 2699, *et seq*. for all aggrieved employees by failing to keep proper time records, by failing to afford Plaintiff and the other aggrieved employees full and uninterrupted off-duty meal and rest periods, by failing to pay Plaintiffs and the other aggrieved employees all wages due, and by failing to timely furnish Plaintiffs and the other aggrieved employees with statements accurately showing total hours worked, and failing to reimburse Plaintiffs and the other aggrieved employees for all necessary expenditures;

12. That the Court find that Defendant's violations as described have been willful;

13. That the Court impose penalties against Defendant on behalf of all aggrieved employees according to the Private Attorney General Act;

14. That the Court award to Plaintiffs and all similarly-situated employees damages and restitution for all waged earned by Plaintiffs including for missed meal and rest periods; work performed without compensation; and damages for failure to timely furnish statements accurately showing total hours worked and penalties subject to proof at trial;

15. That Defendant be ordered and enjoined to pay restitution to Plaintiffs due to Defendant's unlawful and/or unfair activities, pursuant to Business & Professions Code §§ 17200-17205;

**FIRST AMENDED COMPLAINT**

16.     That J.B. Hunt further be enjoined to cease and desist from unlawful and/or unfair activities in violation of Business & Professions Code § 17200, pursuant to Section 17203;

17.     That Plaintiffs and the Class be awarded reasonable attorneys' fees and costs pursuant to Civil Procedure Code § 1021.5, and/or other applicable law; and

18.     That the Court award such other and further relief as this Court may deem appropriate.

Dated:  October 6, 2020                    DESAI LAW FIRM, P.C.


By: _____
            Aashish Y. Desai
            Adrianne DeCastro
            Attorneys for Plaintiff and the other
            aggrieved employees

Plaintiffs demand trial by jury on all issues so triable.


Dated:  October 6, 2020                    DESAI LAW FIRM, P.C.


By: _____
            Aashish Y. Desai
            Adrianne De Castro
            Attorneys for Plaintiff and the other
            aggrieved employees

25

**FIRST AMENDED COMPLAINT**