UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 20-01701 PSG (JDEx) | Date | July 31, 2023 |
|---|---|---|---|
| Title | Willie Williams et al v. J.B. Hunt Transport, Inc. et al | | |

| Present: The Honorable | Philip S. Gutierrez, United States District Judge |
|---|---|
| Damon Berry | Not Reported |
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiff(s): | Attorneys Present for Defendant(s): |
| Not Present | Not Present |

**Proceedings (In Chambers):**    Order GRANTING in part and DENYING in part the parties' motions in limine.

Before the Court are four pending motions in limine filed by Plaintiffs Willie Williams, LaDon Cline, and Paul Contreras (collectively, "Plaintiffs") and Defendant J.B. Hunt Transport, Inc. ("Defendant").  *See generally* Dkt. # 94 ("*D MIL 4*"); Dkt. # 95 ("*P MIL 1*"); Dkt. # 97 ("*P MIL 3*"); Dkt. # 99 ("*P MIL 5*").  Both parties opposed.  *See generally* Dkt. # 108 ("*D MIL 4 Opp.*"); Dkt. # 109 ("*P MIL 1 Opp.*"); Dkt. # 111 ("*P MIL 3 Opp.*"); Dkt. # 113 ("*P MIL 5 Opp.*").  And both parties replied.  *See generally* Dkt. # 130 ("*D MIL 4 Reply*"); Dkt. # 119 ("*P MIL 1 Reply*"); Dkt. # 121 ("*P MIL 3 Reply*"); Dkt. # 123 ("*P MIL 5 Reply*").

The Court finds this matter appropriate for decision without oral argument.  *See* Fed. R. Civ. P. 78; L.R. 7-15.  Having considered the parties' papers, the Court **GRANTS** Defendant's motion in limine 4 and Plaintiffs' motions in limine 3 and 5, and **DENIES** Plaintiffs' motion in limine 1.

I.    Background

The parties are familiar with the facts and procedural history of this case, and so the Court will discuss only the facts relevant to this order.

On March 9, 2022, the Court issued a summary judgment order denying Plaintiffs' motion for summary judgment and granting in part and denying in part Defendant's motion for summary judgment.  *See* Dkt. # 81 ("*Summ. J. Order*").  Of the eight causes of action brought by Plaintiffs, the Court ruled that only three claims may proceed to trial: (1) Plaintiffs' Fourth Cause of Action for failure to indemnify for all necessary expenditures, Cal. Lab. Code § 2802; (2) Plaintiffs' Seventh Cause of Action for violation of California's Unfair Competition Law

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 20-01701 PSG (JDEx) | Date | July 31, 2023 |
|---|---|---|---|
| Title | Willie Williams et al v. J.B. Hunt Transport, Inc. et al | | |

("UCL"), Cal. Bus. & Prof. Code §§ 17200, *et seq.* premised on Plaintiffs' Fourth Cause of Action; and (3) Plaintiffs' Eighth Cause of Action for violation of the Private Attorneys General Act ("PAGA"), Cal. Lab. Code §§ 2699, *et seq.* premised on Plaintiffs' Fourth Cause of Action. *See* Summ. J. Order at 5, 24.

The parties then filed twelve motions in limine. *See* Dkts. # 91–102. On December 15, 2022, the Court bifurcated the trial into a jury trial for the individual Section 2802 claims and a bench trial for the PAGA and UCL claims and ruled on four of the parties' motions in limine. *See* Dkt. # 147. The Court granted Defendant's motions in limine 1 and 3, denied Plaintiffs' motion in limine 8, and granted in part and denied in part Defendant's motion in limine 2. *See id.* at 6. The Court then directed the parties to meet and confer pursuant to Local Rule 7-3 on the remaining motions in limine. *See id.*

On February 3, 2023, the parties filed a joint report stating that they had resolved Plaintiffs' motion in limine 2, Plaintiffs' motion in limine 4, Plaintiffs' motion in limine 6, and Plaintiffs' motion in limine 7.[1] *See generally* Dkt. # 152. The parties, however, stated that they could not resolve Defendant's motion in limine 4 and Plaintiffs' motions in limine 1, 3, and 5. *See generally id.*

II.     Legal Standard

A motion in limine is "a procedural mechanism to limit in advance testimony or evidence in a particular area." *United States v. Heller*, 551 F.3d 1108, 1111 (9th Cir. 2009). The court has the power to grant such motions pursuant to its "inherent authority to manage trials," even though such rulings are not explicitly authorized by the Federal Rules of Evidence. *See Luce v. United States*, 469 U.S. 38, 41 n.4 (1984). Regardless of a court's initial decision on a motion in limine, however, it may revisit the issue at trial. *Id.* at 41–42 ("[E]ven if nothing unexpected happens at trial, the district judge is free, in the exercise of sound judicial discretion, to alter a previous in limine ruling.").

---

[1] Those pending motions in limine are now **MOOT**.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 20-01701 PSG (JDEx) | Date | July 31, 2023 |
|---|---|---|---|
| Title | Willie Williams et al v. J.B. Hunt Transport, Inc. et al | | |

III. Discussion

    A.    Defendant's Motion in Limine 4

Defendant asks the Court to prevent Plaintiffs from relitigating "issues decided by the Court on summary judgment." *See D MIL 4*, 3. In response, Plaintiffs agree not to relitigate decided issues but seek to introduce evidence that may overlap with those issues to prove their claims. *See D MIL 4 Opp.* 1. Specifically, Plaintiffs want to admit evidence of Defendant's policies related to reimbursement of expenses, driver manuals, employee handbooks, pay plans, and standard onboarding forms. *See id.* Defendant, however, argues that the evidence should be excluded during the jury phase of trial because it is irrelevant to Plaintiffs' individual claims. *See D MIL 4 Reply* 4.

The Court makes the unremarkable ruling that Plaintiffs may not relitigate issues already decided by the Court and may not introduce irrelevant evidence. Plaintiffs thus may not make arguments about issues decided by the Court at summary judgment and may not, during the jury phase of trial, introduce evidence and arguments that go to representative claims. Plaintiffs, however, may introduce evidence, such as Defendant's employment policies, handbooks, and forms, if that evidence is probative of the individual Section 2802 claims and does not confuse the jury as to what is being tried. *See* Fed. R. Evid. 401, 402, 403. For example, evidence of Defendant's general employment policies may be relevant to whether it was reasonably necessary under the circumstances for Plaintiffs to use their personal cell phones for work-related purposes. *See Summ. J. Order* at 19 ("[E]mployers must reimburse employees for expenses incurred for work-related cell phone use only if such use was required or reasonably necessary under the circumstances."); *see also id.* at 19 20 (explaining that the reasonableness of an employee's choice to use his cell phone instead of an alternative option may depend on employer-provided options and tools).

The Court thus **GRANTS** Defendant's Motion in Limine 4 consistent with the foregoing discussion.

    B.    Plaintiffs' Motion in Limine 5

Similarly, Plaintiffs ask the Court to prevent Defendant from relitigating decided issues and presenting irrelevant evidence. *P MIL 5*, 2. The Court again makes the basic ruling that the parties may neither relitigate decided issues nor introduce irrelevant evidence. The Court thus **GRANTS** Plaintiffs' Motion in Limine 5.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 20-01701 PSG (JDEx) | Date | July 31, 2023 |
|---|---|---|---|
| Title | Willie Williams et al v. J.B. Hunt Transport, Inc. et al | | |

C.  Plaintiffs' Motion in Limine 1

Plaintiffs seek to prevent Defendant from arguing that employees are responsible for maintaining accurate records of their business-related cell phone use time because Defendant has the burden of maintaining those records. *See P MIL 1*, 1 6. Defendant rejects this argument as "unsupported by the law and the elements of a Section 2802 claim." *P MIL 1 Opp.* 1.

The Court agrees with Defendant that Plaintiffs' theory is wrong. While Plaintiffs are correct that employers must keep records of their employees' hours, the same is not true for claims under Section 2802. The burden is on the employee to show the expenses incurred. To establish a Section 2802 claim, Plaintiffs must prove (1) that drivers incurred expenditures from personal cell phone use for business; (2) that the expenditures were necessary and reasonable; (3) that Defendant failed to reimburse the drivers for the full amount of their expenses; and (4) *the amount of the expenditures* that Defendant failed to compensate. *See* Judicial Council of Cal. Civil Jury Instruction 1232 (emphasis added). Caselaw also supports the burden being placed on the employee. For example, in *Gattuso v. Harte-Hanks Shoppers, Inc.*, 42 Cal. 4th 554 (2007), the California Supreme Court explained that when an employee brings a Section 2802 claim seeking reimbursement for work-related expenses, "[t]o calculate the reimbursement amount using the actual expense method, . . . the employee must keep detailed and accurate records of amounts spent." *Id.* at 568; *see also Ortiz v. CVS Caremark Corp.*, No. C-12-05859 EDL, 2013 WL 6236743, at *12 (N.D. Cal. Dec. 2, 2013) (explaining that the actual expense method "requires employees to keep detailed and accurate records of amounts spent in fuel, maintenance, repairs, insurance registration and depreciation, apportioned between business and personal use").

Because the burden is on Plaintiffs to keep records of personal cell phone use, the Court sees no reason why Defendant cannot make arguments about the accuracy or completeness of Plaintiffs' personal cell phone records and expenses. *See P MIL 1*, 6. The Court thus **DENIES** Plaintiffs' motion in limine 1.

D.  Plaintiffs' Motion in Limine 3

Plaintiffs' motion in limine 3 seeks to prevent Defendant from arguing that any personal cell phone use for work purposes was *de minimus* because employers must reimburse for all expenses under Section 2802. *See P MIL 3*, 2. Defendants, however, appear to argue that it should be allowed to present a *de minimus* defense against liability. *See P MIL 3 Opp.* 1 5.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 20-01701 PSG (JDEx) | Date | July 31, 2023 |
|---|---|---|---|
| Title | Willie Williams et al v. J.B. Hunt Transport, Inc. et al | | |

The Court does not find Defendant's argument persuasive. When an employer is liable under Section 2802, it must reimburse regardless of whether the amounts reimbursable are *de minimus*. Section 2802, states that "[a]n employer shall indemnify his or her employee for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties." And as one district court put it, "[t]o establish liability, all that is required is a demonstration that telephone expenses, in any amount and to any degree, are reasonable and necessary." *Lindell v. Synthes USA*, No. 11-CV-02053-LJO-BAM, 2014 WL 841738, at *10 (E.D. Cal. Mar. 4, 2014). The Court finds nothing in the law to suggest that Defendants can defeat liability under Section 2802 by raising a *de minimus* defense. Defendants thus may not raise one at trial.

The Court **GRANTS** Plaintiffs' motion in limine 3.

IV.  Conclusion

For the foregoing reasons, the Court **GRANTS**, as consistent with this order, Defendant's motion in limine 4 and Plaintiffs' motions in limine 3 and 5, and **DENIES** Plaintiffs' motion in limine 1.

The Court will not entertain any other motions in limine.

**IT IS SO ORDERED**.