Christopher C. McNatt, Jr. (SBN 174559)
cmcnatt@scopelitis.com
SCOPELITIS, GARVIN, LIGHT, HANSON & FEARY, LLP
2 North Lake Avenue, Suite 560
Pasadena, CA 91101
P: 626-795-4700
F: 626-795-4790

James H. Hanson, Pro Hac Vice
jhanson@scopelitis.com
Karen Butler Reisinger, Pro Hac Vice
kreisinger@scopelitis.com
SCOPELITIS, GARVIN, LIGHT, HANSON & FEARY, P.C.
10 West Market Street, Suite 1400
Indianapolis, IN 46204
P: 317-637-1777
F: 317-687-2414

Attorneys for Defendant,
J.B. HUNT TRANSPORT, INC.

[Additional counsel on following page.]

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| WILLIE WILLIAMS, LADON CLINE, AND PAUL CONTRERAS on behalf of themselves and all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> J.B. HUNT TRANSPORT, INC., an Arkansas Corporation, and DOES 1-10, inclusive, <br><br> Defendants. | CASE NO.: 8:20-cv-01701-PSG-JDE <br><br> Hon. Philip S. Gutierrez <br><br> **SECOND REVISED JOINT EXHIBIT LIST (EXHIBIT 49 REMOVED)** <br><br> Final PTC:      December 1, 2023 <br> Time:           2:30 p.m. <br> Courtroom:    10A <br> Trial Date:    December 12, 2023 |

1

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Additional counsel:**

DESAI LAW FIRM, P.C.
Aashish Y. Desai, Esq. (SBN 187394)
Adrianne De Castro, Esq. (SBN 238930)
3200 Bristol St., Suite 650
Costa Mesa, CA 92626
Telephone:  (949) 614-5830
Facsimile:   (949) 271-4190
aashish@desai-law.com
adrianne@desai-law.com

Attorneys for Plaintiffs,
WILLIE WILLIAMS, LaDON CLINE, AND
PAUL CONTRERAS

**SECOND REVISED JOINT EXHIBIT LIST**

Plaintiffs, Willie Williams, LaDon Cline, Paul Contreras, and Defendant, J.B. Hunt Transport, Inc., respectfully submit this Second Revised Joint Exhibit List for the Court's convenience. This Second Revised Joint Exhibit List removes Exhibit 49 from the previously-filed list, ECF No. 181, and therefore eliminates an exhibit that may require the Court to rule on an objection.[1] The parties jointly submit the following list of exhibits anticipated to be used in the trial of this action and to which the parties stipulate to authenticity.

| Exhibit No. | Party Offering | Description/ Bates No. | Objections | Responses to Objections |
|---|---|---|---|---|
| 1 | Plaintiffs | Excerpts from Willie Williams' Application JBHW001276, JBHW001280, JBHW001284, | Relevance, incomplete FRE 401; Plaintiffs' reliance on *Mt. Clemens* violates the Court's ruling on Plaintiffs' Motion in Limine No. 1. ECF No. 171. | Relevance is a low bar that is easily met here. F.R.C.P. Rule 401. These are the only records available to show Plaintiffs' cell phone usage for work. That they are "incomplete" is due to Defendant's failure to institute and maintain an appropriate reimbursement policy under Labor Code 2802. *See Anderson v. Mt. Clemens Pottery Co.,* 328 U.S. 680, 687-688 (1946). |
| 17 | Defendant | Willie Williams Redacted Verizon cell phone bill Dec. 29, 2019-Jan. 28, | | |

---

[1] Plaintiffs have informed Defendant that they reserve the right to introduce Exhibit 49 and/or the data contained therein during Phase 2 of the trial.

| Exhibit No. | Party Offering | Description/ Bates No. | Objections | Responses to Objections |
|---|---|---|---|---|
| | | 2020 | | |
| 20 | Plaintiffs | Excerpts from LaDon Cline's Application JBHW000008 | Relevance FRE 401, incomplete; Plaintiffs' reliance on *Mt. Clemens* violates the Court's ruling on Plaintiffs' Motion in Limine No. 1.  ECF No. 171. | Relevance is a low bar that is easily met here. F.R.C.P. Rule 401.  These are the only records available to show Plaintiffs' cell phone usage for work. That they are "incomplete" is due to Defendant's failure to institute and maintain an appropriate reimbursement policy under Labor Code 2802.  *See Anderson v. Mt. Clemens Pottery Co.,* 328 U.S. 680, 687-688 (1946). |
| 21 | Plaintiffs | LaDon Cline – Certificate of Understanding and Agreement JBHW00033, | Relevance FRE 401; Plaintiffs' reliance on *Mt. Clemens* violates the Court's ruling on Plaintiffs' Motion in Limine No. 1.  ECF No. 171. | Relevance is a low bar that is easily met here. F.R.C.P. Rule 401.  These are the only records available to show Plaintiffs' cell phone usage for work. That they are "incomplete" is due to Defendant's failure to institute and maintain an appropriate reimbursement policy under Labor Code 2802.  *See Anderson v. Mt.* |

| Exhibit No. | Party Offering | Description/ Bates No. | Objections | Responses to Objections |
|---|---|---|---|---|
| | | | | *Clemens Pottery Co.,* 328 U.S. 680, 687-688 (1946). |
| 29 | Plaintiffs | LaDon Cline screen shot of Target Dispatch phone number. Williams-000147 | | |
| 39a | Defendant | Contreras Phone Record (filtered), Sept. 14 – Oct. 13, 2019. Williams-000144 | | |
| 39b | Defendant | Contreras Phone Record (filtered) Oct 14 – Nov. 13, 2019. Williams-000141-142 | | |
| 39c | Defendant | Contreras Phone Record (filtered), Dec. 14, 2019 – Jan. 13, 2020. Williams-000126-128 | | |
| 39d | Defendant | Contreras Phone Record (filtered), Mar. 14 – Apr. 13, 2020. Williams-000135-136 | | |
| 39e | Defendant | Contreras Phone Record (filtered), May 14 – Jun. 13, 2020. Williams-000139-140 | | |
| 39f | Defendant | Contreras Phone | | |

4

| Exhibit No. | Party Offering | Description/ Bates No. | Objections | Responses to Objections |
|---|---|---|---|---|
| | | Record (filtered), Jul 14 – Aug. 13, 2020. Williams-000131-132 | | |
| 44 | Plaintiffs | February 2015, Bring Your Own Device Employee Program. JBHW001894-1899 | | |
| 45 | Plaintiffs | J.B. Hunt Reimbursement policy Jan 2016 – Dec 31, 2017. JBHW 001903-1907 | Relevance FRE 401. This exhibit violates the Court's ruling on Defendant's Motion in Limine No. 2. Plaintiffs' reliance on *Mt. Clemens* violates the Court's ruling on Plaintiffs' Motion in Limine No. 1. ECF No. 171. | Relevance is a low bar that is easily met here. F.R.C.P. Rule 401. These are the only records available to show Plaintiffs' cell phone usage for work. That they are "incomplete" is due to Defendant's failure to institute and maintain an appropriate reimbursement policy under Labor Code 2802. *See Anderson v. Mt. Clemens Pottery Co.,* 328 U.S. 680, 687-688 (1946). |
| 47 | Plaintiffs | J.B. Hunt Dec 2019 Driver Manual. JBHW002127-2175 | | |
| 48 | Plaintiffs | J.B. Hunt 2015 Driver Manual. JBHW001914- | | |

| Exhibit No. | Party Offering | Description/ Bates No. | Objections | Responses to Objections |
|---|---|---|---|---|
| | | 2126 | | |
| 50 | Plaintiffs | Excerpts from Plaintiff Willie Williams' Driver File. JBHW001274, JBHW001293-1294, JBHW001298, JBHW001300, JBHW001368, JBHW001372-1373, JBHW001375 | Relevance FRE 401, incomplete; Plaintiffs' reliance on *Mt. Clemens* violates the Court's ruling on Plaintiffs' Motion in Limine No. 1. ECF No. 171. | Relevance is a low bar that is easily met here. F.R.C.P. Rule 401.  These are the only records available to show Plaintiffs' cell phone usage for work. That they are "incomplete" is due to Defendant's failure to institute and maintain an appropriate reimbursement policy under Labor Code 2802.  *See Anderson v. Mt. Clemens Pottery Co.,* 328 U.S. 680, 687-688 (1946). |
| 51 | Plaintiffs | Excerpts from Plaintiff Paul Contreras' Driver File. JBHW000666, JBHW000758-760 JBHW000789-90 | Relevance FRE 401, incomplete; Plaintiffs' reliance on *Mt. Clemens* violates the Court's ruling on Plaintiffs' Motion in Limine No. 1. ECF No. 171. | Relevance is a low bar that is easily met here. F.R.C.P. Rule 401.  These are the only records available to show Plaintiffs' cell phone usage for work. That they are "incomplete" is due to Defendant's failure to institute and maintain an appropriate reimbursement policy under Labor Code 2802.  *See* |

| Exhibit No. | Party Offering | Description/ Bates No. | Objections | Responses to Objections |
|---|---|---|---|---|
| | | | | *Anderson v. Mt. Clemens Pottery Co.,* 328 U.S. 680, 687-688 (1946). |
| 52 | Plaintiffs | Excerpts from Plaintiff LaDon Cline's Driver File.JBHW000011, JBHW00022, JBHW00024, JBHW00062, JBHW00085-86 | Relevance, FRE 401, incomplete; Plaintiffs' reliance on *Mt. Clemens* violates the Court's ruling on Plaintiffs' Motion in Limine No. 1. ECF No. 171. | Relevance is a low bar that is easily met here. F.R.C.P. Rule 401.  These are the only records available to show Plaintiffs' cell phone usage for work. That they are "incomplete" is due to Defendant's failure to institute and maintain an appropriate reimbursement policy under Labor Code 2802.  *See Anderson v. Mt. Clemens Pottery Co.,* 328 U.S. 680, 687-688 (1946). |
| 53 | Plaintiffs | Target Driver Manual JBHW 001874-1893 | | |
| 54 | Plaintiffs | Williams' screen shot of list of managers Williams-000026 | | |
| 55a | Plaintiffs | Williams Verizon Bill Aug 29-Sept 28, 2019. Williams-000862-882 | Relevance under FRE 401 (fails to identify any business-related charges). | Relevance is a low bar that is easily met here. F.R.C.P. Rule 401.  These records do reflect business -related charges, including |

| Exhibit No. | Party Offering | Description/ Bates No. | Objections | Responses to Objections |
|---|---|---|---|---|
| | | | | calls and text messages initiated by JB Hunt to the Plaintiffs.  Thus, they are relevant to liability and  to Plaintiffs' damages in the case, i.e. the amount they spent on their cell phone bills |
| 55b | Plaintiffs | Williams Verizon Bill Sept 29-Oct 28, 2019. Williams-000825-861 | Relevance under FRE 401 (fails to identify any business-related charges). | Relevance is a low bar that is easily met here. F.R.C.P. Rule 401.  These records do reflect business -related charges, including calls and text messages initiated by JB Hunt to the Plaintiffs.  Thus, they are relevant to liability and  to Plaintiffs' damages in the case, i.e. the amount they spent on their cell phone bills. |
| 55c | Plaintiffs | Williams Verizon Bill 10/29/19 – 11/28/19 Williams-001283-1311 | Relevance (fails to identify any business-related charges) FRE 401. | Relevance is a low bar that is easily met here. F.R.C.P. Rule 401.  These records do reflect business -related charges, including calls and text messages initiated by JB Hunt to the Plaintiffs.  Thus, |

**SECOND REVISED JOINT EXHIBIT LIST**

| Exhibit No. | Party Offering | Description/ Bates No. | Objections | Responses to Objections |
|---|---|---|---|---|
| | | | | they are relevant to liability and to Plaintiffs' damages in the case, i.e. the amount they spent on their cell phone bills. |
| 55d | Plaintiffs | Williams Verizon Bill (Highlighted) 11/29/19 – 12/28/19 Williams – 001312-1326 | | |
| 55e | Plaintiffs | Willie Williams Cell Phone Record 11/29/19 – 12/28/19 Williams-001337-1362 | | |
| 55f | Plaintiffs | Williams Verizon Bill Dec. 29, 2019-Jan 28, 2020. Williams-000787-797 | | |
| 55g | Plaintiffs | Williams Verizon Bill Jan 29-Feb 28, 2020. Williams-000761-786 | Relevance (fails to identify any business-related charges), FRE 401. Plaintiffs' reliance on *Mt. Clemens* violates the Court's ruling on Plaintiffs' Motion in Limine No. 1. ECF No. 171. | Relevance is a low bar that is easily met here. F.R.C.P. Rule 401.  These are the only records available to show Plaintiffs' cell phone usage for work. That they are "incomplete" is due to Defendant's failure to institute and maintain an appropriate |

9

| Exhibit No. | Party Offering | Description/ Bates No. | Objections | Responses to Objections |
|---|---|---|---|---|
| | | | | reimbursement policy under Labor Code 2802.  *See Anderson v. Mt. Clemens Pottery Co.,* 328 U.S. 680, 687-688 (1946). Moreover, these records do reflect business -related charges, including calls and text messages initiated by JB Hunt to the Plaintiffs.  Thus, they are relevant to liability and  to Plaintiffs' damages in the case, i.e. the amount they spent on their cell phone bills. |
| 55h | Plaintiffs | Williams Verizon Bill Feb 29-Mar 28, 2020. Williams-000809-824 | | |
| 55i | Plaintiffs | Williams Verizon Bill Apr 28, 2020. Williams-00745-760 | | |
| 55j | Plaintiffs | Williams Verizon bill May 29 - June 28, 2020. Williams-000798-808 | Relevance, FRE 401 (fails to identify any business-related charges); Plaintiffs' reliance on *Mt. Clemens* violates | Relevance is a low bar that is easily met here. F.R.C.P. Rule 401.  These are the only records available to show Plaintiffs' cell phone usage |

10

| Exhibit No. | Party Offering | Description/ Bates No. | Objections | Responses to Objections |
|---|---|---|---|---|
| | | | the Court's ruling on Plaintiffs' Motion in Limine No. 1. ECF No. 171. | for work. That they are "incomplete" is due to Defendant's failure to institute and maintain an appropriate reimbursement policy under Labor Code 2802.  *See Anderson v. Mt. Clemens Pottery Co.,* 328 U.S. 680, 687-688 (1946).  Moreover, these records do reflect business -related charges, including calls and text messages initiated by JB Hunt to the Plaintiffs.  Thus, they are relevant to liability and  to Plaintiffs' damages in the case, i.e. the amount they spent on their cell phone bills |
| 56 | Plaintiffs | Cline Screen Shots of Text Messages Williams148-149 | | |
| 57a | Plaintiffs | Cline Phone Bill - Nov 2-Dec 1, 2019 Williams-000883-000900 | Relevance (fails to identify any business-related charges on bills) FRE 401. Plaintiffs' reliance on *Mt.* | Relevance is a low bar that is easily met here. F.R.C.P. Rule 401.  These are the only records available to show Plaintiffs' |

11

| Exhibit No. | Party Offering | Description/ Bates No. | Objections | Responses to Objections |
|---|---|---|---|---|
| | | | *Clemens* violates the Court's ruling on Plaintiffs' Motion in Limine No. 1. ECF No. 171. | cell phone usage for work. That they are "incomplete" is due to Defendant's failure to institute and maintain an appropriate reimbursement policy under Labor Code 2802.  *See Anderson v. Mt. Clemens Pottery Co.,* 328 U.S. 680, 687-688 (1946). Moreover, these records do reflect business -related charges, including calls and text messages initiated by JB Hunt to the Plaintiffs.  Thus, they are relevant to liability and  to Plaintiffs' damages in the case, i.e. the amount they spent on their cell phone bills |
| 57b | Plaintiffs | Cline Phone Bill - Dec 2, 2019 - Jan 1, 2020. Williams-000901-000919 | Relevance (fails to identify any business-related charges) FRE 401. Plaintiffs' reliance on *Mt. Clemens* violates the Court's ruling on Plaintiffs' Motion in Limine | Relevance is a low bar that is easily met here. F.R.C.P. Rule 401.  These are the only records available to show Plaintiffs' cell phone usage for work. That they are "incomplete" is due to Defendant's |

**SECOND REVISED JOINT EXHIBIT LIST**

| Exhibit No. | Party Offering | Description/ Bates No. | Objections | Responses to Objections |
|---|---|---|---|---|
| | | | No. 1. ECF No. 171. | failure to institute and maintain an appropriate reimbursement policy under Labor Code 2802.  *See Anderson v. Mt. Clemens Pottery Co.,* 328 U.S. 680, 687-688 (1946). Moreover, these records do reflect business -related charges, including calls and text messages initiated by JB Hunt to the Plaintiffs.  Thus, they are relevant to liability and  to Plaintiffs' damages in the case, i.e. the amount they spent on their cell phone bills |
| 57c | Plaintiffs | Cline Phone Bill - Jan 2-Feb 1, 2020 Williams-000920-000939 | Relevance (fails to identify any business-related charges) FRE 401. Plaintiffs' reliance on *Mt. Clemens* violates the Court's ruling on Plaintiffs' Motion in Limine No. 1. ECF No. 171. | Relevance is a low bar that is easily met here. F.R.C.P. Rule 401.  These are the only records available to show Plaintiffs' cell phone usage for work. That they are "incomplete" is due to Defendant's failure to institute and maintain an appropriate reimbursement |

**SECOND REVISED JOINT EXHIBIT LIST**

| Exhibit No. | Party Offering | Description/ Bates No. | Objections | Responses to Objections |
|---|---|---|---|---|
| | | | | policy under Labor Code 2802. *See Anderson v. Mt. Clemens Pottery Co.,* 328 U.S. 680, 687-688 (1946). Moreover, these records do reflect business -related charges, including calls and text messages initiated by JB Hunt to the Plaintiffs. Thus, they are relevant to liability and to Plaintiffs' damages in the case, i.e. the amount they spent on their cell phone bills |
| 57d | Plaintiffs | Cline Phone Bill Feb 2-Mar 1, 2020. Williams-000940-000960 | Relevance (fails to identify any business-related charges) FRE 401. Plaintiffs' reliance on *Mt. Clemens* violates the Court's ruling on Plaintiffs' Motion in Limine No. 1. ECF No. 171. | Relevance is a low bar that is easily met here. F.R.C.P. Rule 401. These are the only records available to show Plaintiffs' cell phone usage for work. That they are "incomplete" is due to Defendant's failure to institute and maintain an appropriate reimbursement policy under Labor Code 2802. *See Anderson v. Mt. Clemens Pottery* |

**SECOND REVISED JOINT EXHIBIT LIST**

| Exhibit No. | Party Offering | Description/ Bates No. | Objections | Responses to Objections |
|---|---|---|---|---|
| | | | | *Co.,* 328 U.S. 680, 687-688 (1946). Moreover, these records do reflect business -related charges, including calls and text messages initiated by JB Hunt to the Plaintiffs.  Thus, they are relevant to liability and  to Plaintiffs' damages in the case, i.e. the amount they spent on their cell phone bills |
| 57e | Plaintiffs | Cline Phone Bill Mar 2-Apr 1, 2020 . Williams-000961-000980 | Relevance (fails to identify any business-related charges) FRE 401. | Relevance is a low bar that is easily met here. F.R.C.P. Rule 401.  These records do reflect business -related charges, including calls and text messages initiated by JB Hunt to the Plaintiffs.  Thus, they are relevant to liability and  to Plaintiffs' damages in the case, i.e. the amount they spent on their cell phone bills. |
| 57f | Plaintiffs | Cline Phone Bill Apr 2-May 1, 2020 Williams-000981-000998 | Relevance (fails to identify any business-related charges) FRE 401. | Relevance is a low bar that is easily met here. F.R.C.P. Rule 401.  These records do reflect |

**SECOND REVISED JOINT EXHIBIT LIST**

| Exhibit No. | Party Offering | Description/ Bates No. | Objections | Responses to Objections |
|---|---|---|---|---|
| | | | | business -related charges, including calls and text messages initiated by JB Hunt to the Plaintiffs. Thus, they are relevant to liability and to Plaintiffs' damages in the case, i.e. the amount they spent on their cell phone bills |
| 57g | Plaintiffs | Cline Phone Bill Dec 2, 2020-Jan 1, 2021. Williams-000999-001020 | Relevance (fails to identify any business-related charges) FRE 401. | Relevance is a low bar that is easily met here. F.R.C.P. Rule 401. These records do reflect business -related charges, including calls and text messages initiated by JB Hunt to the Plaintiffs. Thus, they are relevant to liability and to Plaintiffs' damages in the case, i.e. the amount they spent on their cell phone bills |
| 57h | Plaintiffs | Cline Phone Bill Jan 2–Feb 1, 2021 . Williams-001043-001066 | Relevance (fails to identify any business-related calls) FRE 401; Plaintiffs' reliance on *Mt. Clemens* violates the Court's ruling on Plaintiffs' | Relevance is a low bar that is easily met here. F.R.C.P. Rule 401. These are the only records available to show Plaintiffs' cell phone usage for work. That they |

16

| Exhibit No. | Party Offering | Description/ Bates No. | Objections | Responses to Objections |
|---|---|---|---|---|
| | | | Motion in Limine No. 1. ECF No. 171. | are "incomplete" is due to Defendant's failure to institute and maintain an appropriate reimbursement policy under Labor Code 2802. *See Anderson v. Mt. Clemens Pottery Co.,* 328 U.S. 680, 687-688 (1946). |
| 57i | Plaintiffs | Cline Phone Bill Feb 2-Mar 01, 2021 . Williams-001021-001042 | Relevance (fails to identify any business-related charges) FRE 401. | Relevance is a low bar that is easily met here. F.R.C.P. Rule 401.  These records do reflect business -related charges, including calls and text messages initiated by JB Hunt to the Plaintiffs.  Thus, they are relevant to liability and  to Plaintiffs' damages in the case, i.e. the amount they spent on their cell phone bills |
| 58a | Plaintiffs | Contreras Cell Phone Records and Bills July 14, – Aug 13, 2019. Williams-001095-1120 | Relevance (fails to identify any business-related charges) FRE 401; Plaintiffs' reliance on *Mt. Clemens* violates the Court's ruling on Plaintiffs' | Relevance is a low bar that is easily met here. F.R.C.P. Rule 401.  These are the only records available to show Plaintiffs' cell phone usage for work. That they are "incomplete" is |

SECOND REVISED JOINT EXHIBIT LIST

| Exhibit No. | Party Offering | Description/ Bates No. | Objections | Responses to Objections |
|---|---|---|---|---|
| | | | Motion in Limine No. 1. ECF No. 171. Plaintiffs' reliance on *Mt. Clemens* violates the Court's ruling on Plaintiffs' Motion in Limine No. 1. ECF No. 171. | due to Defendant's failure to institute and maintain an appropriate reimbursement policy under Labor Code 2802. *See Anderson v. Mt. Clemens Pottery Co.,* 328 U.S. 680, 687-688 (1946). Moreover, these records do reflect business -related charges, including calls and text messages initiated by JB Hunt to the Plaintiffs.  Thus, they are relevant to liability and  to Plaintiffs' damages in the case, i.e. the amount they spent on their cell phone bills. |
| 58b | Plaintiffs | Contreras Cell Phone Records and Bills Aug 14, – Sep 13, 2019. Williams-001109-1120 | Relevance (fails to identify any business-related calls) FRE 401. Plaintiffs' reliance on *Mt. Clemens* violates the Court's ruling on Plaintiffs' Motion in Limine No. 1. ECF No. 171. | Relevance is a low bar that is easily met here. F.R.C.P. Rule 401.  These are the only records available to show Plaintiffs' cell phone usage for work. That they are "incomplete" is due to Defendant's failure to institute and maintain an appropriate |

18

| Exhibit No. | Party Offering | Description/ Bates No. | Objections | Responses to Objections |
|---|---|---|---|---|
| | | | | reimbursement policy under Labor Code 2802.  *See Anderson v. Mt. Clemens Pottery Co.,* 328 U.S. 680, 687-688 (1946).  Moreover, these records do reflect business -related charges, including calls and text messages initiated by JB Hunt to the Plaintiffs.  Thus, they are relevant to liability and  to Plaintiffs' damages in the case, i.e. the amount they spent on their cell phone bills. |
| 58c | Plaintiffs | Contreras Cell Phone Records and Bills Sep 14, – Oct 13, 2019. Williams-001121-1132 | Relevance (fails to identify any business-related calls) FRE 401. Plaintiffs' reliance on *Mt. Clemens* violates the Court's ruling on Plaintiffs' Motion in Limine No. 1. ECF No. 171. | Relevance is a low bar that is easily met here. F.R.C.P. Rule 401.  These are the only records available to show Plaintiffs' cell phone usage for work. That they are "incomplete" is due to Defendant's failure to institute and maintain an appropriate reimbursement policy under Labor Code 2802.  *See Anderson v. Mt.* |

**SECOND REVISED JOINT EXHIBIT LIST**

| Exhibit No. | Party Offering | Description/ Bates No. | Objections | Responses to Objections |
|---|---|---|---|---|
| | | | | *Clemens Pottery Co.,* 328 U.S. 680, 687-688 (1946). Moreover, these records do reflect business -related charges, including calls and text messages initiated by JB Hunt to the Plaintiffs. Thus, they are relevant to liability and to Plaintiffs' damages in the case, i.e. the amount they spent on their cell phone bills. |
| 58d | Plaintiffs | Contreras Cell Phone Records and Bills Oct 14, – Nov 13, 2019. Williams-001133-1146 | Relevance (fails to identify any business-related calls) FRE 401. Plaintiffs' reliance on *Mt. Clemens* violates the Court's ruling on Plaintiffs' Motion in Limine No. 1. ECF No. 171. | Relevance is a low bar that is easily met here. F.R.C.P. Rule 401. These are the only records available to show Plaintiffs' cell phone usage for work. That they are "incomplete" is due to Defendant's failure to institute and maintain an appropriate reimbursement policy under Labor Code 2802. *See Anderson v. Mt. Clemens Pottery Co.,* 328 U.S. 680, 687-688 (1946). Moreover, these |

| Exhibit No. | Party Offering | Description/ Bates No. | Objections | Responses to Objections |
|---|---|---|---|---|
| | | | | records do reflect business -related charges, including calls and text messages initiated by JB Hunt to the Plaintiffs.  Thus, they are relevant to liability and  to Plaintiffs' damages in the case, i.e. the amount they spent on their cell phone bills. |
| 58e | Plaintiffs | Contreras Cell Phone Records and Bills Nov 14, – Dec 13, 2019. Williams-001147-1158 | Relevance (fails to identify any business-related calls) FRE 401. Plaintiffs' reliance on *Mt. Clemens* violates the Court's ruling on Plaintiffs' Motion in Limine No. 1. ECF No. 171. | Relevance is a low bar that is easily met here. F.R.C.P. Rule 401.  These are the only records available to show Plaintiffs' cell phone usage for work. That they are "incomplete" is due to Defendant's failure to institute and maintain an appropriate reimbursement policy under Labor Code 2802.  *See Anderson v. Mt. Clemens Pottery Co.,* 328 U.S. 680, 687-688 (1946). Moreover, these records do reflect business -related charges, including calls and text |

**SECOND REVISED JOINT EXHIBIT LIST**

| Exhibit No. | Party Offering | Description/ Bates No. | Objections | Responses to Objections |
|---|---|---|---|---|
| | | | | messages initiated by JB Hunt to the Plaintiffs.  Thus, they are relevant to liability and  to Plaintiffs' damages in the case, i.e. the amount they spent on their cell phone bills. |
| 58f | Plaintiffs | Contreras Cell Phone Records and Bills Dec14, 2019 – Jan 13, 2020. Williams-001159-1172 | Relevance (fails to identify any business-related calls) FRE 401. Plaintiffs' reliance on *Mt. Clemens* violates the Court's ruling on Plaintiffs' Motion in Limine No. 1. ECF No. 171. | Relevance is a low bar that is easily met here. F.R.C.P. Rule 401.  These are the only records available to show Plaintiffs' cell phone usage for work. That they are "incomplete" is due to Defendant's failure to institute and maintain an appropriate reimbursement policy under Labor Code 2802.  *See Anderson v. Mt. Clemens Pottery Co.,* 328 U.S. 680, 687-688 (1946). Moreover, these records do reflect business -related charges, including calls and text messages initiated by JB Hunt to the Plaintiffs.  Thus, they are relevant to |

SECOND REVISED JOINT EXHIBIT LIST

| Exhibit No. | Party Offering | Description/ Bates No. | Objections | Responses to Objections |
|---|---|---|---|---|
| | | | | liability and to Plaintiffs' damages in the case, i.e. the amount they spent on their cell phone bills. |
| 58g | Plaintiffs | Contreras Cell Phone Records and Bills Jan 14, – Feb 13, 2020. Williams-001173-1186 | Relevance (fails to identify any business-related calls) FRE 401. Plaintiffs' reliance on *Mt. Clemens* violates the Court's ruling on Plaintiffs' Motion in Limine No. 1. ECF No. 171. | Relevance is a low bar that is easily met here. F.R.C.P. Rule 401. These are the only records available to show Plaintiffs' cell phone usage for work. That they are "incomplete" is due to Defendant's failure to institute and maintain an appropriate reimbursement policy under Labor Code 2802. *See Anderson v. Mt. Clemens Pottery Co.,* 328 U.S. 680, 687-688 (1946). Moreover, these records do reflect business -related charges, including calls and text messages initiated by JB Hunt to the Plaintiffs. Thus, they are relevant to liability and to Plaintiffs' damages in the case, i.e. the amount they spent |

**SECOND REVISED JOINT EXHIBIT LIST**

| Exhibit No. | Party Offering | Description/ Bates No. | Objections | Responses to Objections |
|---|---|---|---|---|
| | | | | on their cell phone bills. |
| 58h | Plaintiffs | Contreras Cell Phone Records and Bills Feb 14, – Mar 13, 2020. Williams-001187-1200 | Relevance (fails to identify any business-related calls) FRE 401. Plaintiffs' reliance on *Mt. Clemens* violates the Court's ruling on Plaintiffs' Motion in Limine No. 1. ECF No. 171. | Relevance is a low bar that is easily met here. F.R.C.P. Rule 401. These are the only records available to show Plaintiffs' cell phone usage for work. That they are "incomplete" is due to Defendant's failure to institute and maintain an appropriate reimbursement policy under Labor Code 2802. *See Anderson v. Mt. Clemens Pottery Co.,* 328 U.S. 680, 687-688 (1946). Moreover, these records do reflect business -related charges, including calls and text messages initiated by JB Hunt to the Plaintiffs. Thus, they are relevant to liability and  to Plaintiffs' damages in the case, i.e. the amount they spent on their cell phone bills. |
| 58i | Plaintiffs | Contreras Cell Phone Records | Relevance (fails to identify any | Relevance is a low bar that is easily |

| Exhibit No. | Party Offering | Description/ Bates No. | Objections | Responses to Objections |
|---|---|---|---|---|
| | | and Bills Mar 14, – Apr 13, 2020. Williams-001201-1214 | business-related calls) FRE 401. Plaintiffs' reliance on *Mt. Clemens* violates the Court's ruling on Plaintiffs' Motion in Limine No. 1. ECF No. 171. | met here. F.R.C.P. Rule 401.  These are the only records available to show Plaintiffs' cell phone usage for work. That they are "incomplete" is due to Defendant's failure to institute and maintain an appropriate reimbursement policy under Labor Code 2802.  *See Anderson v. Mt. Clemens Pottery Co.,* 328 U.S. 680, 687-688 (1946). Moreover, these records do reflect business -related charges, including calls and text messages initiated by JB Hunt to the Plaintiffs.  Thus, they are relevant to liability and  to Plaintiffs' damages in the case, i.e. the amount they spent on their cell phone bills. |
| 58j | Plaintiffs | Contreras Cell Phone Records and Bills Apr 14, – May 13, 2020. Williams-001215-1226 | Relevance (fails to identify any business-related calls) FRE 401. Plaintiffs' reliance on *Mt.* | Relevance is a low bar that is easily met here. F.R.C.P. Rule 401.  These are the only records available to |

**SECOND REVISED JOINT EXHIBIT LIST**

| Exhibit No. | Party Offering | Description/ Bates No. | Objections | Responses to Objections |
|---|---|---|---|---|
| | | | *Clemens* violates the Court's ruling on Plaintiffs' Motion in Limine No. 1. ECF No. 171. | show Plaintiffs' cell phone usage for work. That they are "incomplete" is due to Defendant's failure to institute and maintain an appropriate reimbursement policy under Labor Code 2802.  *See Anderson v. Mt. Clemens Pottery Co.,* 328 U.S. 680, 687-688 (1946). Moreover, these records do reflect business -related charges, including calls and text messages initiated by JB Hunt to the Plaintiffs.  Thus, they are relevant to liability and  to Plaintiffs' damages in the case, i.e. the amount they spent on their cell phone bills. |
| 58k | Plaintiffs | Contreras Cell Phone Records and Bills May 14, – Jun 13, 2020. Williams-001227-1240 | Relevance (fails to identify any business-related calls) FRE 401. Plaintiffs' reliance on *Mt. Clemens* violates the Court's ruling on Plaintiffs' Motion in Limine | Relevance is a low bar that is easily met here. F.R.C.P. Rule 401.  These are the only records available to show Plaintiffs' cell phone usage for work. That they are "incomplete" is |

| Exhibit No. | Party Offering | Description/ Bates No. | Objections | Responses to Objections |
|---|---|---|---|---|
| | | | No. 1. ECF No. 171. | due to Defendant's failure to institute and maintain an appropriate reimbursement policy under Labor Code 2802. *See Anderson v. Mt. Clemens Pottery Co.,* 328 U.S. 680, 687-688 (1946). Moreover, these records do reflect business -related charges, including calls and text messages initiated by JB Hunt to the Plaintiffs.  Thus, they are relevant to liability and  to Plaintiffs' damages in the case, i.e. the amount they spent on their cell phone bills. |
| 58*l* | Plaintiffs | Contreras Cell Phone Records and Bills Jul 14, – Aug 13, 2020. Williams-001241-1254 | Relevance (fails to identify any business-related calls) FRE 401. Plaintiffs' reliance on *Mt. Clemens* violates the Court's ruling on Plaintiffs' Motion in Limine No. 1. ECF No. 171. | Relevance is a low bar that is easily met here. F.R.C.P. Rule 401.  These are the only records available to show Plaintiffs' cell phone usage for work. That they are "incomplete" is due to Defendant's failure to institute and maintain an appropriate |

**SECOND REVISED JOINT EXHIBIT LIST**

| Exhibit No. | Party Offering | Description/ Bates No. | Objections | Responses to Objections |
|---|---|---|---|---|
| | | | | reimbursement policy under Labor Code 2802. *See Anderson v. Mt. Clemens Pottery Co.,* 328 U.S. 680, 687-688 (1946). Moreover, these records do reflect business -related charges, including calls and text messages initiated by JB Hunt to the Plaintiffs. Thus, they are relevant to liability and to Plaintiffs' damages in the case, i.e. the amount they spent on their cell phone bills. |
| 58m | Plaintiffs | Contreras Cell Phone Records and Bills Jul 14, – Aug 13, 2020. Williams-001255-1268 | Relevance (fails to identify any business-related calls) FRE 401. Plaintiffs' reliance on *Mt. Clemens* violates the Court's ruling on Plaintiffs' Motion in Limine No. 1. ECF No. 171. | Relevance is a low bar that is easily met here. F.R.C.P. Rule 401. These are the only records available to show Plaintiffs' cell phone usage for work. That they are "incomplete" is due to Defendant's failure to institute and maintain an appropriate reimbursement policy under Labor Code 2802. *See Anderson v. Mt.* |

**SECOND REVISED JOINT EXHIBIT LIST**

| Exhibit No. | Party Offering | Description/ Bates No. | Objections | Responses to Objections |
|---|---|---|---|---|
| | | | | *Clemens Pottery Co.,* 328 U.S. 680, 687-688 (1946). Moreover, these records do reflect business -related charges, including calls and text messages initiated by JB Hunt to the Plaintiffs. Thus, they are relevant to liability and  to Plaintiffs' damages in the case, i.e. the amount they spent on their cell phone bills. |
| 58n | Plaintiffs | Contreras Phone Bill Aug 14-Sept 13, 2020 Williams-001081-001094 | Relevance (fails to identify any business-related calls) FRE 401. Plaintiffs' reliance on *Mt. Clemens* violates the Court's ruling on Plaintiffs' Motion in Limine No. 1. ECF No. 171. | Relevance is a low bar that is easily met here. F.R.C.P. Rule 401.  These are the only records available to show Plaintiffs' cell phone usage for work. That they are "incomplete" is due to Defendant's failure to institute and maintain an appropriate reimbursement policy under Labor Code 2802.  *See Anderson v. Mt. Clemens Pottery Co.,* 328 U.S. 680, 687-688 (1946). Moreover, these |

SECOND REVISED JOINT EXHIBIT LIST

| Exhibit No. | Party Offering | Description/ Bates No. | Objections | Responses to Objections |
|---|---|---|---|---|
| | | | | records do reflect business -related charges, including calls and text messages initiated by JB Hunt to the Plaintiffs.  Thus, they are relevant to liability and  to Plaintiffs' damages in the case, i.e. the amount they spent on their cell phone bills. |
| 58o | Plaintiffs | Contreras Detailed Bill Nov 14-Dec 13, 2020 . Williams-000647-000664 | Relevance (fails to identify any business-related calls) FRE 401. This exhibit violates the Court's ruling on Defendant's Motion in Limine No. 2, ECF No. 147. Plaintiffs' reliance on *Mt. Clemens* violates the Court's ruling on Plaintiffs' Motion in Limine No. 1. ECF No. 171. | Relevance is a low bar that is easily met here. F.R.C.P. Rule 401.  These records do reflect business -related charges, including calls and text messages initiated by JB Hunt to the Plaintiffs.  Thus, they are relevant to liability and  to Plaintiffs' damages in the case, i.e. the amount they spent on their cell phone bills. |
| 58p | Plaintiffs | Contreras Detailed Bill Dec 14, 2020-Jan 13, 2021. Williams-000665-000688 | Relevance (fails to identify any business-related calls) FRE 401. This exhibit violates the | Relevance is a low bar that is easily met here. F.R.C.P. Rule 401.  These records do reflect business -related |

**SECOND REVISED JOINT EXHIBIT LIST**

| Exhibit No. | Party Offering | Description/ Bates No. | Objections | Responses to Objections |
|---|---|---|---|---|
| | | | Court's ruling on Defendant's Motion in Limine No. 2, ECF No. 147. | charges, including calls and text messages initiated by JB Hunt to the Plaintiffs.  Thus, they are relevant to liability and  to Plaintiffs' damages in the case, i.e. the amount they spent on their cell phone bills |
| 58q | Plaintiffs | Contreras Detailed Bill Jan 14-Feb 13, 2021. Williams-000689-000712 | Relevance (fails to identify any business-related calls) FRE 401. This exhibit violates the Court's ruling on Defendant's Motion in Limine No. 2, ECF No. 147. Plaintiffs' reliance on *Mt. Clemens* violates the Court's ruling on Plaintiffs' Motion in Limine No. 1. ECF No. 171. | Relevance is a low bar that is easily met here. F.R.C.P. Rule 401.  These are the only records available to show Plaintiffs' cell phone usage for work. That they are "incomplete" is due to Defendant's failure to institute and maintain an appropriate reimbursement policy under Labor Code 2802.  *See Anderson v. Mt. Clemens Pottery Co.,* 328 U.S. 680, 687-688 (1946). Moreover, these records do reflect business -related charges, including calls and text messages initiated by JB Hunt to the |

**SECOND REVISED JOINT EXHIBIT LIST**

| Exhibit No. | Party Offering | Description/ Bates No. | Objections | Responses to Objections |
|---|---|---|---|---|
| | | | | Plaintiffs. Thus, they are relevant to liability and to Plaintiffs' damages in the case, i.e. the amount they spent on their cell phone bills. |
| 58r | Plaintiffs | Contreras Detailed Bill Feb 14-Mar 13, 2021. Williams-000713-000728 | Relevance (fails to identify any business-related calls) FRE 401. Plaintiff This exhibit violates the Court's ruling on Defendant's Motion in Limine No. 2, ECF No. 147. Plaintiffs' reliance on *Mt. Clemens* violates the Court's ruling on Plaintiffs' Motion in Limine No. 1. ECF No. 171. | Relevance is a low bar that is easily met here. F.R.C.P. Rule 401. These are the only records available to show Plaintiffs' cell phone usage for work. That they are "incomplete" is due to Defendant's failure to institute and maintain an appropriate reimbursement policy under Labor Code 2802. *See Anderson v. Mt. Clemens Pottery Co.,* 328 U.S. 680, 687-688 (1946). Moreover, these records do reflect business -related charges, including calls and text messages initiated by JB Hunt to the Plaintiffs. Thus, they are relevant to liability and to Plaintiffs' damages |

32

**SECOND REVISED JOINT EXHIBIT LIST**

| Exhibit No. | Party Offering | Description/ Bates No. | Objections | Responses to Objections |
|---|---|---|---|---|
| | | | | in the case, i.e. the amount they spent on their cell phone bills. |
| 58s | Plaintiffs | Contreras Detailed Bill Mar 14-Apr 13, 2021. Williams-000729-000744 | Relevance (fails to identify any business-related calls) FRE 401. FRE 403 because Contreras was not working at the Target-Rialto account during this billing period; Plaintiffs' reliance on *Mt. Clemens* violates the Court's ruling on Plaintiffs' Motion in Limine No. 1, ECF No. 171. | Relevance is a low bar that is easily met here. F.R.C.P. Rule 401. These are the only records available to show Plaintiffs' cell phone usage for work. That they are "incomplete" is due to Defendant's failure to institute and maintain an appropriate reimbursement policy under Labor Code 2802. *See Anderson v. Mt. Clemens Pottery Co.,* 328 U.S. 680, 687-688 (1946). Moreover, these records do reflect business -related charges, including calls and text messages initiated by JB Hunt to the Plaintiffs. Thus, they are relevant to liability and to Plaintiffs' damages in the case, i.e. the amount they spent on their cell phone |

**SECOND REVISED JOINT EXHIBIT LIST**

| Exhibit No. | Party Offering | Description/ Bates No. | Objections | Responses to Objections |
|---|---|---|---|---|
| | | | | bills. |
| 59 | Plaintiffs | DRIVE User Agreement - JBHW002335 | Relevance FRE 401. | Relevance is a low bar that is easily met here. F.R.C.P. Rule 401.  These records show that Plaintiffs were all subject to the same policies and practices including cell phone usage and reimbursement. |
| 60 | Plaintiffs | Plaintiff Willie Williams' Text Messages, Williams-001269-1276 | | |
| 61 | Plaintiffs | Plaintiffs LaDon Cline's Text Messages, Williams - 001278-1282 | | |
| 62 | Plaintiffs | Summary of Plaintiff Williams' Cell Phone Bills | This exhibit has not been shared with Defendant as of the time of this filing; therefore, Defendant reserves the right to object to this exhibit before trial. | Should Defendant object to this exhibit, Plaintiffs reserve the right to respond in support of this exhibit before trial. |
| 63 | Plaintiffs | Summary of Plaintiff Cline's Cell Phone Bills | This exhibit has not been shared with Defendant as of the time of this filing; therefore, | Should Defendant object to this exhibit, Plaintiffs reserve the right to respond in support of this exhibit |

**SECOND REVISED JOINT EXHIBIT LIST**

| Exhibit No. | Party Offering | Description/ Bates No. | Objections | Responses to Objections |
|---|---|---|---|---|
| | | | Defendant reserves the right to object to this exhibit before trial. | before trial. |
| 64 | Plaintiffs | Summary of Plaintiff Contreras' Cell Phone Bills | This exhibit has not been shared with Defendant as of the time of this filing; therefore, Defendant reserves the right to object to this exhibit before trial. | Should Defendant object to this exhibit, Plaintiffs reserve the right to respond in support of this exhibit before trial. |
| 65 | Defendant | Reimbursement Policy Effective 01/01/18 JBHW001908-1910 | | |
| 66 | Defendant | Reimbursement Policy Effective 07/01/19 JBHW001900-1902 | | |
| 67 | Defendant | J.B. Hunt DCS Driver Manual JBHW001852-1873 | | |
| 68 | Defendant | Map Book, Target Food, Rialto, CA JBHW2689-2984 | | |
| 69a | Defendant | Williams Cell Phone Bill (redacted) Aug. 29 – Sep. 28, 2019, Williams- | | |

35

**SECOND REVISED JOINT EXHIBIT LIST**

| Exhibit No. | Party Offering | Description/ Bates No. | Objections | Responses to Objections |
|---|---|---|---|---|
| | | 000111-125 | | |
| 69b | Defendant | Williams Cell Phone Bill (redacted) Sep. 28 – Oct. 28, 2019, Williams-000088-110 | | |
| 69c | Defendant | Williams Cell Phone Bill (redacted) Jan. 29 – Feb. 28, 2020, Williams-000036-49 | | |
| 69d | Defendant | Williams Cell Phone Bill (redacted) May 29 – Jun. 28, 2020, Williams-000061-71 | | |
| 70a | Defendant | Cline Cell Phone Bill (redacted) Nov. 2 – Dec. 1, 2019, Williams-000151-168 | | |
| 70b | Defendant | Cline Cell Phone Bill (redacted) Dec. 2, 2019 – Jan. 1, 2020, Williams-000169-187 | | |
| 70c | Defendant | Cline Cell Phone Bill (redacted) Jan. 2, - Feb. 1, 2020, Williams-000188-207 | | |
| 70d | Defendant | Cline Cell Phone Bill (redacted) Feb. 2 – Mar. 1, 2020, Williams-000208-228 | | |

**SECOND REVISED JOINT EXHIBIT LIST**

| Exhibit No. | Party Offering | Description/ Bates No. | Objections | Responses to Objections |
|---|---|---|---|---|
| 70e | Defendant | Cline Cell Phone Bill (redacted) Mar. 2 – Apr. 1, 2020, Williams-000229-248 | | |
| 70f | Defendant | Cline Cell Phone Bill (redacted) Apr. 2 – May 1, 2020, Williams-000249-266 | | |
| 70g | Defendant | Cline Cell Phone Bill (redacted) Dec. 20, 2020 – Jan. 1, 2021, Williams-000267-288 | | |
| 70h | Defendant | Cline Cell Phone Bill (redacted) Jan. 2 – Feb. 1, 2021 (Williams-000311-334) | | |
| 70i | Defendant | Cline Cell Phone Bill (redacted) Feb. 2 – Mar. 1, 2021, Williams-000289-310 | | |
| 71 | Defendant | FRE 1004 Summary of Cell Phone Bills – Willie Williams | This exhibit has not been shared with Plaintiffs as of the time of this filing; therefore, Plaintiffs reserve the right to object to this exhibit before trial. | Should Plaintiffs object to this exhibit, Defendant reserves the right to respond in support of this exhibit before trial. |
| 72 | Defendant | FRE 1004 Summary of Cell Phone Bills – LaDon Cline | This exhibit has not been shared with Plaintiffs as of the time of this filing; therefore, | Should Plaintiffs object to this exhibit, Defendant reserves the right to respond in |

**SECOND REVISED JOINT EXHIBIT LIST**

| Exhibit No. | Party Offering | Description/ Bates No. | Objections | Responses to Objections |
|---|---|---|---|---|
| | | | Plaintiffs reserve the right to object to this exhibit before trial. | support of this exhibit before trial. |
| 73 | Defendant | FRE 1004 Summary of Cell Phone Bills – Paul Contreras | This exhibit has not been shared with Plaintiffs as of the time of this filing; therefore, Plaintiffs reserve the right to object to this exhibit before trial. | Should Plaintiffs object to this exhibit, Defendant reserves the right to respond in support of this exhibit before trial. |

[Attorney signatures on next page.]

**SECOND REVISED JOINT EXHIBIT LIST**

1
2
3    Dated:  August 30, 2023

4
5
6
7
8
9

10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Respectfully submitted,

By: s/ *James H. Hanson*
      James H. Hanson

SCOPELITIS, GARVIN, LIGHT, HANSON &
FEARY, P.C.
James H. Hanson
Karen Reisinger
10 West Market Street, Suite 1400,
Indianapolis, IN 46204
jhanson@scopelitis.com
kreisinger@scopelitis.com
Telephone: (317) 637-1777

SCOPELITIS, GARVIN, LIGHT, HANSON &
FEARY, LLP
Christopher C. McNatt, Jr. (SBN 174559)
2 North Lake Avenue, Suite 560
Pasadena, CA 91101
cmcnatt@scopelitis.com
rbrown@scopelitis.com
Telephone: 626-795-4700

*Attorneys for Defendant,*
*J.B. Hunt Transport, Inc.*

Dated:  August 30, 2023

By: */s/ Adrianne De Castro*
      Aashish Desai
      Adrianne De Castro

DESAI LAW FIRM, P.C.
Aashish Y. Desai (SBN 187394)
aashish@desai-law.com
Adrianne De Castro (SBN 238930)
adrianne@desai-law.com
3200 Bristol St., Suite 650
Costa Mesa, CA 92626
Telephone: (949) 614-5830

*Attorneys for Plaintiffs Willie Williams, LaDon*
*Cline, and Paul Contreras*

1    Pursuant to Local Rule 5-4.3.4(a)(2)(i), I hereby certify that the content of this

2    document is acceptable to Adrianne De Castro, counsel for Plaintiffs, and that I have

3    obtained authorization to affix her electronic signature to this document.

4

5                              */s/James H. Hanson*
                                James H. Hanson

6

7

8

9

10

11

12

13

14

15

16

17

18    4891-5991-4876, v. 5

19

20

21

22

23

24

25

26

27

28